IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DERIECE WARD,<br><br>                Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTO INSURANCE COMPANY,<br><br>                Defendant. | 4:24CV3035<br><br>**FINDINGS, RECOMMENDATION, AND ORDER** |

This case is before the Court on the Motion for Remand filed by Plaintiff, Deriece Ward. Filing No. 5. This motion was referred[1] to the undersigned magistrate judge by the Honorable John M. Gerrard, Senior United States District Judge. Plaintiff and Defendant, State Farm Mutual Auto Insurance Company, both submitted briefs. Filing Nos. 6 and 10. The deadline for Plaintiff to submit a reply brief lapsed and the undersigned deemed this matter fully submitted.

From the outset, it is critical to recognize two facts: (1) after this case was removed to federal court, Plaintiff filed an amended complaint indicating she "is not seeking aggregate damages for her claims against Defendant in an amount that exceeds $74,999.01, inclusive of attorney's fees" (Filing No. 4); and, (2) though Defendant indicates it "reserves the right to remove this matter back to this Court should Plaintiff

---

[1] The undersigned recognizes that there is a split of authority regarding whether a magistrate judge's decision on a motion for remand is dispositive or nondispositive for purposes of review by an Art. III judge. *See Banbury v. Omnitrition Int'l, Inc.*, 818 F. Supp. 276, 279 (D. Minn. 1993). But many courts have concluded that such an order is effectively dispositive. *See Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 763–64 (5th Cir. 2016); *Flam v. Flam*, 788 F.3d 1043, 1046–48 (9th Cir. 2015); *Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008); *Vogel v. U.S. Office Prod. Co.*, 258 F.3d 509, 517–18 (6th Cir. 2001); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995–96 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145–46 (3d Cir. 1998). Accordingly, the undersigned enters a finding and recommendation on Plaintiff's Motion for Remand.

attempt recovery of damages greater than $74,999.01 upon remand[,]" Defendant also contends that "this Court is divested of subject-matter jurisdiction" due to the new damages allegations in Plaintiff's amended complaint. Filing No. 10. Accordingly, the parties seemingly stipulate that this matter should be remanded to state court, so long as Plaintiff does not seek damages in excess of $74,999.01. Unfortunately, the situation is not as simple as the parties assume and this Court must undergo an independent jurisdictional analysis, which it does below, to analyze the Motion for Remand. The undersigned now finds and recommends as follows:

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff originally filed a lawsuit in the District Court of Lancaster County, Nebraska. Filing No. 1-1. The complaint alleged state law claims related to Plaintiff's automobile insurance policy with Defendant. Specifically, Plaintiff alleged claims related to her underinsured motorist coverage and medical payments coverage as well as a claim for bad faith against Defendant. Filing No. 1-1.

The original complaint indicated Plaintiff's policy "provided for $25,000.00 in medical payments coverage and $100,000.00 in uninsured motorist coverage." Filing No. 1-1 ¶ 1(b). Plaintiff alleged that she "is entitled to recover the full amount for her medical payments coverage" ($25,000) and the "policy limits . . . of the underinsured motorist policy" ($100,000). Filing No. 1-1 ¶¶ 10, 14. Plaintiff additionally requested "general damages, past and future" as a result of her bad faith claim against Defendant and, finally, requested attorney fees. Filing No. 1-1 ¶ 17.

On February 14, 2024, Defendant filed its notice of removal, requesting removal to federal court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a), 1441(b),

and 1446. Plaintiff then filed an amended complaint as a matter of course in federal court. Filing No. 4.

In her amended complaint, Plaintiff states she "is not seeking aggregate damages for her claims against Defendant in an amount that exceeds $74,999.01, inclusive of attorney's fees." Filing No. 4. As indicated above, Plaintiff and Defendant both indicate that this assertion divests the Court of subject-matter jurisdiction. Filing Nos. 6 and 10.

## LEGAL STANDARD

Removal is improper when the federal court lacks subject matter jurisdiction. *See* 28 U.S.C. §§ 1441(a–c) and 1446(a); *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 2002); *see also Mensah v. Owners Ins. Co.*, 951 F.3d 941, 943 (8th Cir. 2020) ("An action may be removed to federal court only if the action could have been originally filed in federal district court."). "The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction." *Arkansas Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015) (quoting citation removed).

## ANALYSIS

The Court has original subject-matter jurisdiction over diversity cases. 28 U.S.C. § 1332. Diversity jurisdiction exists when an action is between citizens of different states and the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction is not discretionary. Remand is "inappropriate" when an "action has been properly removed . . . based on diversity." *Bohanna v. Hartford Life & Accident Ins.*

*Co.*, 848 F. Supp. 2d 1009, 1013 (W.D. Mo. 2012); *Parteh v. U.S. Bank Nat'l Ass'n*, No. 11-2932, 2012 WL 983681, at *2 (D. Minn. Mar. 6, 2012) (collecting cases); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356 (1988) (citing *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1979) (abrogated on other grounds)).

Parties to an action cannot impose subject matter jurisdiction on this Court nor can they divest this Court of such jurisdiction by agreement or waiver. *Great River Ent., LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1263 (8th Cir. 2023) ("[N]o action of the parties—including consent—can confer subject matter jurisdiction."); *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 838 (8th Cir. 2022) (quoting *Neuvos Destinos, LLC v. Peck*, 999 F.3d 641, 646 (8th Cir. 2021)) ("Subject-matter jurisdiction can never be waived or forfeited."); (*Lawrence v. Fairfield Processing Corp.*, 4:22-CV-00985, 2022 WL 10423622, at *2 (E.D. Mo. Oct. 18, 2022) (collecting cases) ("[I]n a properly removed case, subject-matter jurisdiction is a beast that parties, wielding joint motions for remand like steely knives, just can't kill."). The Court cannot remand a case if it has subject-matter jurisdiction simply because the parties stipulate to the remand.

The Court is obligated to look beyond the parties' arguments and independently assess whether subject matter jurisdiction exists. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Accordingly, the undersigned will independently assess subject-matter jurisdiction even though both parties agree the allegation in the amended complaint reduces Plaintiff's damages below the jurisdictional threshold. After performing this independent analysis, the undersigned recommends the Court grant Plaintiff's Motion for Remand because Defendant did not fulfill its burden of proving this Court has jurisdiction over this matter.

**I.      Plaintiff's Stipulation in the Amended Complaint That She is Seeking Less Than $75,000 Does Not Divest the Court of Jurisdiction.**

In diversity cases, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). A defendant seeking to remove an action "bears the burden of proving that the jurisdictional threshold is satisfied." Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." Id.

"Federal jurisdiction is determined by plaintiff's pleadings at the time of removal." Davis v. State Farm Mutual Automobile Ins. Co., No. 6:17-cv-06025, 2017 WL 11179630, at *2 (W.D. Ark. Apr. 27, 2017); Fochtman v. Hendren Plastics, Inc., 47 F.4th 638, 643 (8th Cir. 2022). It is well established that a plaintiff cannot divest the Court of diversity jurisdiction with a stipulation, affidavit, or amendment of their pleadings that "reduces the claim below the requisite amount." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292 (1938); Thatcher v. Hanover Ins. Group, Inc., 659 F.3d 1212, 1214 (8th Cir. 2011). Accordingly, the amount in controversy must be analyzed via Plaintiff's original complaint because it was the operative pleading at the time of removal.

Neither party addresses the damages allegations set forth in the original complaint and whether it meets the jurisdictional threshold due to the assumption that Plaintiff's amended complaint, and newly alleged damages amount, divests the Court of jurisdiction. Both parties assert Plaintiff's allegation in her amended complaint that she "is not seeking aggregate damages for her claims against Defendant in an amount that exceeds $74,999.01, inclusive of attorney's fees," divests the Court of diversity jurisdiction. Plaintiff

cannot divest the Court of jurisdiction with an amended pleading that reduces the alleged damages. Nor may the parties agree that Plaintiff's amended pleading divests the Court of jurisdiction. The parties' argument lacks merit and it is not appropriate to remand this action on the basis the parties identify.[2]

II. **The Court Cannot Determine Whether the Parties Are Diverse Citizens because the Notice of Removal Insufficiently Alleged Plaintiff's Citizenship.**

The undersigned now turns to citizenship—the second prong of diversity jurisdiction. Residency is not "citizenship" for the purposes of diversity jurisdiction. *Reece v. Bank of New York Mellon*, 760 F.3d 771 (8th Cir. 2014). A notice of removal must allege the citizenship of the parties at the commencement of the action and at the time of removal. *Id.* at 777. A notice of removal is defective if it alleges a party's residency without alleging a party's citizenship. *Id.* As the *Reece* court explained:

> [O]ne may be a resident of multiple states in addition to the state of citizenship. Because of this ambiguity in the word "resident"—as compared to "citizen" . . . we cannot satisfy ourselves that diversity jurisdiction is proper based solely on an allegation a party is (or was) a "resident" of a particular state.

*Id.* at 778; *see also Baker v. Fangio Enters., Inc.*, No. 4:18-CV-751, 2018 WL 2316030, at *3 (E.D. Mo. May 22, 2018) (internal citation omitted) ("It is well established that an allegation of residence is not the equivalent of an allegation of citizenship and does not satisfy the pleading requirements for federal diversity jurisdiction under 28 U.S.C. § 1332(a)(1).")

---

[2] The undersigned declines to conduct an independent analysis of Plaintiff's complaint at the time of removal to determine whether it satisfies the jurisdictional amount in controversy. This analysis is unnecessary since the undersigned concludes, *infra*, that remand is appropriate because Defendant failed to prove the parties are diverse citizens. The parties may address this issue in their supplemental briefing to the Court if Defendant elects to file an amended notice of removal pursuant to the undersigned's conclusion below.

The holding in *Reece* is limited, as is the undersigned's recommended holding. The Court may still find it has jurisdiction if the notice of removal alleges citizenship and the plaintiff fails to object. *Hargett v. RevClaims, LLC*, 854 F.3d 962, 967 (8th Cir. 2017); *see also Gilbert v. Johnson*, 4:22CV3248, 2023 WL 129742, at *2 (D. Neb. Jan. 9, 2023) (declining to remand when the notice of removal alleged residency, but plaintiff did not contest that his place of residency was also his place of citizenship when arguing the notice of removal was deficient for failing to allege citizenship).

In the instant case, Plaintiff alleges in her complaint and her amended complaint that she is a "resident" of Nebraska. Filing No. 1-1 ¶ 1; Filing No. 4 ¶ 1. Defendant alleges in its notice of removal that Plaintiff is a "resident" of Nebraska. Filing No. 1 ¶¶ 2, 6. Noticeably, Defendant alleges that it is a "resident/<u>citizen</u>" of Illinois. Filing No. 1 ¶ 6 (emphasis added). Neither party addressed the issue of Plaintiff's citizenship in their briefing to the Court. Accordingly, Plaintiff did not fail to object to Defendant's characterization of her as a citizen of Nebraska—Defendant only ever characterized Plaintiff as a <u>resident</u> of Nebraska.

As indicated herein, it is ultimately Defendant's burden to prove removal is proper and Defendant failed to prove Plaintiff's citizenship and, thus, diversity of citizenship. *Cf. Robinson v. Prime Comms Retail,* LLC, No. 4:23-CV-904, 2023 WL 4579304, at *1 (E.D. Mo. July 18, 2023) (defendant failed to establish the court's subject matter jurisdiction because it failed to allege diverse citizenship in the notice of removal). This failure creates a situation in which the Court cannot independently determine whether the parties are diverse because the defendant failed to fulfill its burden of proof. Accordingly, this Court finds the notice of removal is defective and fails to establish this Court has jurisdiction

over the matter at hand. The undersigned recommends that the Court grant Plaintiff's Motion for Remand.

## CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** to the Honorable John M. Gerrard, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b), that the Motion for Remand filed by the Plaintiff (Filing No. 5) be granted in its entirety and, further, that this case be **REMANDED** to the District Court of Lancaster County, Nebraska.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this Court may be held to be a waiver of any right to appeal the Court's adoption of the recommendation.

**FURTHER**, it is **HEREBY ORDERED**:

1. Should Defendant desire, Defendant is granted leave to file an amended notice of removal[3] on or before April 5, 2024.

2. The parties may file supplemental briefs in response to a timely filed amended notice of removal, should such be filed. Plaintiff shall file any supplemental briefing, if desired, within seven (7) days of Defendant's amended notice of removal. Defendant shall file any supplemental brief, if desired, within fourteen (14) days of Defendant's amended notice of removal.

3. A timely filed amended notice of removal will vacate the undersigned's finding and recommendation on Plaintiff's Motion for Remand. The undersigned will

---

[3] 28 U.S.C. § 1653.

enter a new finding and recommendation after considering any amended notice of removal and the parties' supplemental briefs, if filed.

Dated this 29th day of March, 2024.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge